[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rodriguez v. Barker,* Slip Opinion No. 2019-Ohio-4155.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4155

THE STATE EX REL. RODRIGUEZ, APPELLANT, *v.* BARKER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rodriguez v. Barker,* Slip Opinion No. 2019-Ohio-4155.]

*Mandamus—Sentencing court's failure to dispose of a firearm specification in a sentencing entry, which was corrected by a nunc pro tunc entry, does not render a sentence void—Because error in failing to address a firearm specification could have been addressed on direct appeal, relator has no clear right to the requested relief—Denial of writ affirmed.*

(No. 2019-0259—Submitted August 6, 2019—Decided October 15, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 107831, 2019-Ohio-256.

_____

**Per Curiam.**

{¶ 1} Appellant, Jose Rodriguez, appeals the judgment of the Eighth District Court of Appeals denying his request for a writ of mandamus and granting the motion for summary judgment filed by appellee, Cuyahoga County Court of Common Pleas Judge Pamela Barker.  We affirm.

## Background

{¶ 2} In September 2014, a jury found Rodriguez guilty of aggravated murder, murder, aggravated robbery, robbery, and two counts of felonious assault. A one-year firearm specification was attached to each count. After merging several counts for sentencing, Judge Barker sentenced Rodriguez to life imprisonment with the possibility of parole after 20 years for aggravated murder and four years for aggravated robbery, to be served concurrently. The court also sentenced Rodriquez to one year for a firearm specification, to be served consecutively to the other sentences. The court of appeals affirmed the convictions and sentence. *State v. Rodriguez*, 8th Dist. Cuyahoga No. 101971, 2015-Ohio-3875, ¶ 1.

{¶ 3} In August 2018, Rodriguez filed a motion to correct a "facially illegal sentence" in the trial court, claiming that Judge Barker's entry of conviction failed to dispose of the firearm specification for his aggravated-robbery conviction and failed to notify him of the imposition of postrelease control. In September 2018, Judge Barker granted the motion in part and entered a nunc pro tunc entry clarifying that the firearm specifications had been merged for sentencing. The trial court concluded that it was not imposing postrelease control.

{¶ 4} In October 2018, Rodriguez filed a complaint in mandamus in the court of appeals seeking to compel Judge Barker to vacate both the 2014 sentencing order and the 2018 nunc pro tunc entry and to resentence him. Rodriguez claimed that Judge Barker had failed to dispose of the aggravated-robbery firearm specification and had failed to impose a mandatory term of postrelease control. According to Rodriguez, these errors rendered the 2014 sentencing order void and therefore, the trial court lacked jurisdiction to enter the 2018 nunc pro tunc entry. Rodriguez argued that he had no adequate remedy at law, because the void sentences were not final, appealable orders.

{¶ 5} Judge Barker filed a motion for summary judgment on November 14, 2018, in which she claimed that she had properly merged the firearm specifications

and that she had disposed of all the specifications. Judge Barker also noted that she had scheduled a hearing for later that month for the limited purpose of imposing postrelease control and argued that after the scheduled hearing, Rodriguez's claim regarding the failure to impose postrelease control would be moot. Finally, Judge Barker maintained that Rodriguez had an adequate remedy at law by way of appeal to raise his claim that he had not been sentenced for both firearm specifications. On November 28, 2018, Judge Barker did hold a hearing, and she imposed five years of mandatory postrelease control as part of the sentence for Rodriguez's aggravated-robbery conviction.

{¶ 6} The court of appeals then granted Judge Barker's motion for summary judgment and denied the writ. The court of appeals held that the judge's failure to impose postrelease control did not render the entire sentence void and that Rodriguez's claims regarding postrelease control were rendered moot after the trial court corrected the oversight at the November 2018 hearing. The court of appeals also concluded that the trial court's failure to address the aggravated-robbery firearm specification was a sentencing error that could be corrected by way of direct appeal. And because Rodriguez could have challenged that error on direct appeal, his claim was barred by res judicata. Finally, the court of appeals held that the trial court was correct to issue a nunc pro tunc entry to clarify that the court had merged the firearm specifications. Rodriguez appealed.

**Analysis**

{¶ 7} "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C). We review a decision granting summary judgment de novo. *Id.*

{¶ 8} To be entitled to a writ of mandamus, Rodriguez is required to show (1) a clear legal right to the requested relief, (2) a clear legal duty on Judge Barker's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

*First and second propositions of law*

{¶ 9} Rodriguez's first two propositions of law are related and will be addressed together. Rodriguez contends that because the trial court failed to dispose of the firearm specification attached to the aggravated-robbery count, his sentence was void and thus the sentencing error could not be corrected by a nunc pro tunc entry. However, the trial court was vested with subject-matter jurisdiction over Rodriguez's criminal case. R.C. 2931.03. The court's error in failing to address the aggravated-robbery firearm specification in its entry is a sentencing error that Rodriguez could have appealed. *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192, ¶ 2 (affirming the denial of a writ of mandamus seeking to compel the issuance of a new sentencing order because the original order failed to dispose of every firearm specification). "[I]f the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 23.

{¶ 10} Rodriguez claims that he could not have appealed the 2014 sentencing entry because it was not a final, appealable order pursuant to Crim.R. 32 and R.C. 2505.02. A sentencing entry is a final, appealable order "when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. The 2014 sentencing entry satisfies all four requirements: it states that

Rodriguez was convicted of aggravated murder and aggravated robbery and other offenses, states his sentence for each crime, is signed by Judge Barker, and is time-stamped. A "firearm specification is merely a sentence enhancement, not a separate criminal offense." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 17. Thus, a trial court's failure to address a specification does not affect the finality of the order. *Ansted* at ¶ 1-2 (sentencing order was a final, appealable order, even if it did not dispose of every firearm specification).

{¶ 11} Rodriguez also contends that because the 2014 sentence was void, the trial court lacked jurisdiction to issue the 2018 nunc pro tunc entry. But as noted above, the 2014 order was not void. Therefore, the trial court had continuing jurisdiction to issue an order "to reflect what the court actually decided." *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13. And Rodriguez does not claim that the nunc pro tunc entry failed to reflect "what the court actually decided."

{¶ 12} For the foregoing reasons, Rodriguez's first and second propositions of law lack merit.

*Third proposition of law*

{¶ 13} In his third proposition of law, Rodriguez claims that if even one part of a sentencing order is void, it is as if there had been no judgment, and therefore res judicata does not bar the review of the conviction and the sentence.

{¶ 14} Rodriquez is correct that generally, if a sentence is void, the "sentence may be reviewed at any time, on direct appeal or by collateral attack." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 30. But as explained above, Rodriguez's 2014 sentence was not void. And because Rodriguez could have raised the argument regarding the trial court's failure to address one of the firearm specifications in his direct appeal, the court of appeals properly held that this claim was barred by res judicata. *See State ex rel. Hunter v. Binette*, 154 Ohio St.3d 508, 2018-Ohio-2681, 116 N.E.3d 121, ¶ 13 (when a judgment was not

void, mandamus claim was barred by res judicata because relator had an adequate remedy at law by way of appeal).

**{¶ 15}** Contrary to Rodriguez's contention, the failure to include the required postrelease-control notification does not affect the finality of the order. As we held in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 39:

> The fact that [a] sentence was illegal [because it did not include mandatory postrelease control] does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is "contrary to law." Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable.

*See also State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 12 (affirming dismissal of a mandamus action because relator had an adequate remedy at law by way of appeal to challenge a court's entry correcting errors in his sentence).

**{¶ 16}** But Rodriguez contends that *Fischer* violates the provisions in the Ohio Constitution and R.C. 2505.02 limiting an appellate court's authority to review only final, appealable orders. He also argues that *Fischer* is in conflict with prior decisions that required a de novo sentencing hearing when a court had failed to impose postrelease control. Rodriguez maintains that this court should either overrule precedent established in the years before *Fischer* and uphold *Fischer* or overrule *Fischer*. Rodriguez sets forth no compelling reason to overrule *Fischer*, and we decline to do so.

**{¶ 17}** Rodriguez's third proposition of law lacks merit.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jose Rodriguez, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____