[Cite as *State v. Rodriguez*, 2019-Ohio-5117.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108048 |
| v. | : | |
| JOSE RODRIGUEZ, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-579577-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Jose Rodriguez, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Pro se defendant-appellant Jose Rodriguez appeals following a hearing at which the trial court imposed a term of postrelease control and denied a motion for a new trial. We affirm.

**Relevant Procedural History**

{¶ 2} In September 2014, a jury found Rodriguez guilty of aggravated murder, murder, aggravated robbery, robbery and two counts of felonious assault for his role in a robbery that left a victim dead from multiple gunshot wounds. The jury also found Rodriguez guilty of one-year firearm specifications attached to each count.

{¶ 3} At sentencing, the trial court merged several counts. It sentenced Rodriguez to life in prison with parole eligibility after 20 years for aggravated murder and a concurrent four-year term for aggravated robbery. It also sentenced Rodriguez to one year for a firearm specification consecutive to the overall sentence for an aggregate term of life in prison with possibility of parole after 21 years.

**Direct Appeal**

{¶ 4} Rodriguez filed a timely direct appeal in which he challenged his convictions for aggravated murder and aggravated robbery. *State v. Rodriguez*, 8th Dist. Cuyahoga No. 101971, 2015-Ohio-3875 ("*Rodriguez I*"). His assignments of error included challenges to the sufficiency and manifest weight of the evidence as well as a claim of ineffective assistance of counsel. This court rejected Rodriguez's arguments and affirmed the convictions. Rodriguez did not challenge any aspect of his sentence in his direct appeal.

**Subsequent Sentencing Challenge**

{¶ 5} In August 2018, Rodriguez filed a "motion to correct a facially illegal sentence" with the trial court seeking a de novo resentencing. He claimed that the

trial court failed to dispose of the firearm specification attached to his aggravated robbery conviction and failed to properly impose a sentence of postrelease control.

{¶ 6} In September 2018, the trial court granted the motion in part. It entered a nunc pro tunc entry to clarify that it merged the firearm specifications at sentencing and that it was not imposing postrelease control. The court denied Rodriguez's request for a de novo resentencing. Rodriguez did not appeal.

**Mandamus Action**

{¶ 7} In October 2018, Rodriguez sought a writ of mandamus from this court to compel the trial court to vacate the nunc pro tunc journal entry as well as his original sentence. *See State ex rel. Rodriguez v. Barker*, 8th Dist. Cuyahoga No. 107831, 2019-Ohio-256 ("*Rodriguez II*"). Rodriguez argued that the trial judge failed to dispose of the firearm specification attached to the count of aggravated robbery and that it failed to impose mandatory postrelease control. He claimed these errors made his entire sentence void and that the judge, therefore, lacked jurisdiction to enter the nunc pro tunc entry. The judge moved for summary judgment claiming that she properly merged and disposed of all firearm specifications and noted that she scheduled a limited resentencing hearing for the purpose of imposing postrelease control.[1]

{¶ 8} This court granted summary judgment to the judge and denied the writ. The panel rejected Rodriguez's challenges to the firearm specification finding:

---

[1] In November 2018, during the pendency of the mandamus action, the trial court held the hearing and imposed a mandatory five-year term postrelease control as part of Rodriguez's sentence for aggravated robbery.

> The lack of sentence on a firearm specification was merely a sentencing error Rodriguez could have and should have raised in his direct appeal. The failure to do so means that the claim preclusion branch of res judicata bars the argument in this action. * * * Rodriguez failed to argue this issue in his direct appeal.
>
> * * *
>
> Rodriguez is not entitled to additional appellate review of his sentence. But even if he were, the trial court's use of a nunc pro tunc entry in this matter was proper.

*Id.* at ¶ 20-21. The panel also rejected Rodriguez's claim that his entire sentence was void based on the lack of postrelease control:

> Here, the failure of the trial court to include an advisement about postrelease control in the sentencing entry did not render his entire sentence void * * * only the offending portion of the sentence, the postrelease control sanction, is void and may be corrected at any time prior to the expiration of the attendant sentence. The remainder of Rodriguez's sentence is not void and is and was capable of invoking appellate review. In fact Rodriguez did invoke that review in his [direct] appeal.

*Id.* at ¶ 13.

{¶ 9} The Supreme Court affirmed this court's decision. *See State ex rel. Rodriguez v. Barker*, Slip Opinion No. 2019-Ohio-4155 ("*Rodriguez III*"). In so doing, the Supreme Court concluded that Rodriguez's sentence was not void based on the trial court's failure to dispose of a firearm specification and that the court could correct that error via nunc pro tunc entry. Moreover, the Supreme Court confirmed Rodriguez's challenge to the firearm specifications was res judicata because it could have been raised on direct appeal and, further, that the failure to impose postrelease control did not impact the finality of the sentencing order.

**Partial Resentencing**

{¶ 10} Before the trial court held the November 2018 "resentencing hearing to correct postrelease control," Rodriguez filed a pro se motion for a new trial pursuant to "Crim.R. 33(A)(4) and R.C. 2945.79(D),"[2] claiming there was insufficient evidence for conviction. At the hearing, after the court imposed postrelease control, it heard argument as to the motion from Rodriguez and the state before it denied the motion.

{¶ 11} This appeal follows.

**Assignments of Error**

{¶ 12} Rodriguez raises four assignments of error:

1. The Sentence the Trial Court Imposed Is Contrary to Law.

2. The Trial Court Erroneously Limited the Scope of the Re-Sentencing Hearing.

3. Defendant is Guilty of the Lesser-Included Offense of Involuntary Manslaughter, Not Aggravated Murder or Murder.

4. Defendant Did Not Receive Representation by the Counsel Guaranteed by the Constitution or Ohio Law.

**Scope of Appeal**

{¶ 13} Initially, we note that the scope of this appeal is limited solely to any issue that arises from the resentencing hearing at which the trial court imposed postrelease control and denied Rodriguez's motion for a new trial. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30 *citing State v.*

---

[2] *But see State v. Reed*, 65 Ohio St.2d 117, 123, 418 N.E.2d 1359 (1981), fn. 1 (recognizing that R.C. 2945.79(D) was superseded by Crim.R. 33(A)(4)).

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 40 ("The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing.").

**Law and Analysis**

{¶ 14} Each assignment of error fatally implicates the doctrine of res judicata. Res judicata bars a defendant "who has already had his day in court from seeking a second on that same issue." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. It "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.* citing *State ex rel. Willys-Overland Co. v. Clark* (1925), 112 Ohio St. 263, 268, 147 N.E. 33 (1925).

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Thus, where a defendant could assert such an error or did assert such an error, res judicata precludes any subsequent challenge.

{¶ 15} The first three assignments of error consist of arguments that Rodriguez has previously raised and which this court as well as the Supreme Court have previously rejected. As such these arguments are barred by res judicata. The

fourth assignment of error also contains res judicata claims but it also contains an otherwise meritless claim.

{¶ 16} In the first assignment of error, Rodriguez challenges his sentence on the basis that the trial court failed to impose a sentence for the firearm specification attached to the aggravated robbery count. As discussed, this court and the Supreme Court have rejected this claim. *See Rodriguez II,* 2019-Ohio-256 at ¶ 20-22; *see Rodriguez III,* 2019-Ohio-4155 at ¶ 9-14.

{¶ 17} Moreover, we note that were we to address the merits of Rodriguez's claim and accept his argument, it would be a pyrrhic victory for him, resulting in an additional year of prison being added to his sentence.

{¶ 18} We overrule the first assignment of error.

{¶ 19} The second assignment of error challenges the limited scope of the resentencing hearing on the basis of the trial court's initial failure to impose postrelease control. Rodriguez claims that the court should have conducted a "de novo sentencing" rather than a limited resentencing and further claims that the court's nunc pro tunc entry was improper. As discussed, this court and the Supreme Court have previously rejected these claims. *See Rodriguez II,* 2019-Ohio-256 at ¶ 13, 21; *see Rodriguez III,* 2019-Ohio-4155 at ¶ 11, 15. Rodriguez additionally reasserts his statement that the Supreme Court incorrectly decided *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. *But see Rodriguez III,* 2019-Ohio-4155 at ¶ 16 ("Rodriguez sets forth no compelling reason to overrule *Fischer* and we decline to do so.").

{¶ 20} We overrule the second assignment of error.

{¶ 21} The third assignment of error argues that Rodriguez is not guilty of aggravated murder or murder, but rather involuntary manslaughter. In essence Rodriguez challenges his convictions. As discussed, Rodriguez could, and, in fact, did challenge his convictions in his direct appeal on the basis of the sufficiency and manifest weight of the evidence. *See Rodriguez I,* 2015-Ohio-3875 at ¶ 55-69 (affirming convictions over challenges to sufficiency and manifest weight of the evidence). Accordingly, Rodriguez's present challenge to his convictions is barred by res judicata. Rodriguez's attempt to employ Crim.R. 33(A)(4) as a vehicle to again challenge his convictions and avoid res judicata does not change this reality.

{¶ 22} Moreover, we note that in relevant part, Crim.R. 33(B) provides:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * *.

Review of the record indicates that the jury rendered its verdict on August 1, 2014 and that Rodriguez filed his Crim.R. 33 motion on November 19, 2018, well outside of the fourteen-day period Crim.R. 33(B) provides for filing an application for a new trial. Additionally, we note that Rodriguez has not produced any newly discovered evidence.

{¶ 23} As such, the claims that comprise Rodriguez's Crim.R. 33 motion are res judicata. Moreover, the motion itself is untimely. The trial court committed no error in denying it. *See State v. Williamson*, 8th Dist. Cuyahoga Nos. 107117, 107162

and 107916, 2019-Ohio-1985, ¶ 14 ("Res judicata bars all subsequent new trial motions that are based on claims that were brought or could have been brought on direct appeal or in prior motions filed under Crim.R. 33."); *see State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 21 ("We cannot disturb the court's decision to either grant or deny leave under Crim.R. 33 unless the court abused its discretion.").

{¶ 24} We overrule the third assignment of error.

{¶ 25} The fourth assignment of error complains of ineffective assistance of counsel at three different stages of proceedings. Rodriguez claims he was denied the effective assistance of counsel at trial, on appeal and at the resentencing hearing.

{¶ 26} In order to establish an ineffective assistance of counsel claim, a defendant must prove (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As stated, Rodriguez previously claimed ineffective assistance of trial counsel as part of his direct appeal. *See Rodriguez I,* 2015-Ohio-3875 at ¶ 70-79 (rejecting claim). This claim is barred by res judicata.

{¶ 27} In this appeal from a limited resentencing, Rodriguez claims he suffered ineffective assistance of appellate counsel because appellate counsel "failed to raise any issues regarding trial counsel's failure to pursue the lesser-included offense [involuntary manslaughter rather than aggravated murder or murder] or the

trial court's imposition of a void sentence." As discussed, Rodriguez's challenges to his convictions and sentence have previously been addressed and rejected. *See Rodriguez I,* 2015-Ohio-3875 at ¶ 55-69; *see Rodriguez III,* 2019-Ohio-4155 at ¶ 9-12. Moreover, we note that Rodriguez did not file an application for reopening claiming ineffective assistance of appellate counsel. *But see* App.R. 26(B) ("An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."); *see also State v. Taylor*, 8th Dist. Cuyahoga No. 102020, 2015-Ohio-1314, ¶ 9 (ineffective assistance of appellate counsel claims must be raised in App.R. 26(B) application for reopening). Procedural deficiencies of Rodriguez's ineffective assistance of appellate counsel claim aside, the arguments underlying the claim are res judicata.

{¶ 28} Finally, Rodriguez claims he was denied the effective assistance of counsel at the resentencing hearing. Rodriguez asserts that counsel's performance was deficient because he did not file the previously discussed Crim.R. 33 motion or argue its merits at the hearing. The record reflects that the trial court assigned counsel to represent Rodriguez at the "resentencing hearing to correct postrelease control." We note that Rodriguez makes no claim that counsel was deficient in his representation as to the resentencing.

{¶ 29} Rodriguez provides no basis by which we can conclude that counsel, appointed for the purpose of resentencing, was otherwise obligated to represent him

with regard to a wholly unrelated motion. We are thus unable to conclude counsel was deficient for not doing so.

{¶ 30} Nevertheless, even were we to assume that counsel was deficient, Rodriguez makes no claim that this deficiency caused prejudice. Nor can he, because any argument in support of the Crim.R. 33 motion was meritless.

{¶ 31} We overrule the fourth assignment of error.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR