[Cite as *State v. Baker*, 2021-Ohio-3991.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29943 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERMAINE C. BAKER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 07 01 0186(A) |

DECISION AND JOURNAL ENTRY

Dated: November 10, 2021

CARR, Presiding Judge.

{¶1} Defendant-Appellant Jermaine Baker appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Following a 2007 jury trial, Baker was convicted of multiple felonies including kidnapping, aggravated burglary, aggravated robbery, felonious assault, robbery, and having a weapon while under disability. Firearm, repeat violent offender, and body armor specifications accompanied several of the charges. Baker was sentenced April 30, 2007, and multiple nunc pro tunc entries were issued thereafter, including one journalized December 14, 2007. Baker appealed his convictions, and this Court affirmed the trial court's judgment. *See State v. Baker*, 9th Dist. Summit No. 23840, 2008-Ohio-1909.

{¶3} Subsequently, Baker filed several post-conviction motions. A 2011 motion resulted in a correction to Baker's post-release control. In 2018, Baker filed a motion for

resentencing arguing that his sentences were void or contrary to law and that the December 14, 2007 judgment entry was not a final appealable order. Baker alleged that the trial court was required to impose post-release control as to all of his convictions, that multiple consecutive sentences for the firearm and body armor specifications were contrary to law, and that the trial court failed to merge allied offenses. The trial court denied the motion. While Baker filed a notice of appeal in the trial court, the appeal was not perfected, and an appeal was never docketed in this Court.

{¶4} In December 2020, Baker filed a motion titled: "Defendant's Motion to Strike and Vacate the Supposed Jury Verdicts in this Case, to Vacate the Supposed Conviction and Sentencing Entry of December 14, 2007, and Motion for the Immediate Release of the Defendant from Prison, all for Cause Shown." In that motion Baker argued that there was no final appealable order because the trial court failed to sentence Baker on the repeat violent offender specifications, the trial court imposed multiple consecutive sentences on multiple firearm and body armor specifications, and the trial court sentenced Baker to a void indefinite prison sentence of 32 years with parole eligibility after 20 years. In addition, Baker contended that he was never properly charged and never arraigned on the body armor specifications. Finally, Baker maintained that the trial court was required to determine whether Baker was a repeat violent offender, not the jury. The State opposed the motion. It argued that Baker's motion was an untimely and successive petition for post-conviction relief and that his arguments were unfounded. Ultimately, the trial court denied the motion.

{¶5} Baker has appealed, raising three assignments of error for our review. They will be addressed together to facilitate our review.

3

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO STRIKE AND VACATE THE SUPPOSED JURY VERDICTS IN THIS CASE, TO VACATE THE SUPPOSED CONVICTION AND SENTENCING ENTRY OF DECEMBER 14, 2007, AND MOTION FOR THE IMMEDIATE RELEASE OF THE DEFENDANT FROM PRISON. MR. BAKER'S SENTENCING IS VOID, AND THE DECEMBER 14, 2007 JUDGMENT ENTRY OF SENTENCE IS VOID. DEFENDANT WAS SENTENCED TO AN ILLEGAL HYBRID INDEFINITE SENTENCE, USING THE IMPROPER SENTENCING PACKAGE DOCTRINE, WHERE THE JUDGE DID NOT SENTENCE ON INDIVIDUAL COUNTS, AND WHERE THE JUDGE'S STATEMENTS AT SENTENCING DO NOT MATCH THE SENTENCING ENTRY.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO STRIKE AND VACATE THE SUPPOSED JURY VERDICTS IN THIS CASE, TO VACATE THE SUPPOSED CONVICTION AND SENTENCING ENTRY OF DECEMBER 14, 2007, AND MOTION FOR THE IMMEDIATE RELEASE OF THE DEFENDANT FROM PRISON. MR. BAKER'S SENTENCING IS VOID, AND THE DEFENDANT'S DECEMBER 14, 2007 JUDGMENT ENTRY OF SENTENCE IS VOID. THE RVO "CONVICTIONS" WERE VOID AND TAINTED THE JURY, THE TRIAL COURT THEN FAILED TO DISPOSE OF THE RVO "CONVICTIONS" ATTACHED TO COUNTS 1, 2, 3, 4, 9, 11, 12, 13, 14, 23, 24, AND FAILED TO PROPERLY DISPOSE OF ALL COUNTS IN THE INDICTMENT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO STRIKE AND VACATE THE SUPPOSED JURY VERDICTS IN THIS CASE, TO VACATE THE SUPPOSED CONVICTION AND SENTENCING ENTRY OF DECEMBER 14, 2007, AND MOTION FOR THE IMMEDIATE RELEASE OF THE DEFENDANT FROM PRISON. MR. BAKER'S SENTENCING IS VOID, AND THE DECEMBER 14, 2007 JUDGMENT ENTRY OF SENTENCE IS VOID. THERE WAS NO SUPERSEDING INDICTMENT FILED IN THIS CASE TO ADD THE BODY ARMOR COUNTS, AND EVEN IF THE COURT DEEMS THE "SUPPLEMENT" THAT FILED AS EQUIVALENT TO A SUPERSEDING INDICTMENT,

DEFENDANT WAS NEVER ARRAIGNED ON THE COUNTS PRIOR TO TRIAL.

{¶6} Baker argues in his first assignment of error that the December 14, 2007 sentencing entry is void because his sentence of 32 years in prison with parole eligibility after 20 years is contrary to law and the trial court improperly utilized the sentencing package doctrine in sentencing him. Baker asserts in his second assignment of error that his sentence is void because the trial court did not determine the repeat violent offender specifications and the trial court failed to sentence Baker on those specifications. Therefore, he also argues the sentencing entry is not final. Baker further maintains that the entry is not final and appealable because the trial court imposed multiple consecutive sentences on multiple firearm and body armor specifications which renders the sentence contrary to law and void. Finally, Baker argues in his third assignment of error that he was never arraigned on the body armor specifications, that the supplement which contained the specifications was an improper charging document, and that the late filing of the specifications indicated vindictiveness by the State.

{¶7} To the extent Baker has raised additional arguments other than those he raised in the trial court, this Court will not consider the arguments. *See JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal.").

{¶8} This Court must first consider the nature of the motion at issue in the appeal. Former R.C. 2953.21(A)(1)(a) provides in relevant part that

> [a]ny person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other

appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶9} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 6, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion may be treated as a petition for post-conviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleges a denial of constitutional rights, seeks to render the judgment void or voidable, and requests that the judgment and sentence be vacated." *Little* at ¶ 6. Baker's motion meets these criteria. Further, it is not the first motion of this nature that he has filed, and it is therefore a successive petition.

{¶10} Pursuant to former R.C. 2953.21(A)(2), Baker's petition had to be filed "no later than three hundred sixty-five days after the date on which the trial transcript [was] filed in the court of appeals in the direct appeal of the judgment of conviction * * *." Thus, Baker's petition was clearly untimely and successive.

{¶11} A trial court may not entertain untimely or successive petitions for postconviction relief unless the petitioner satisfies certain requirements. *See* former R.C. 2953.23(A). Baker's petition does not satisfy the requirements in former R.C. 2953.23(A). "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Little* at ¶ 9, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. Therefore, the trial court lacked authority to entertain Baker's petition.

{¶12} Baker's arguments that his sentences are void does not change this outcome. "A sentence is only void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." (Internal quotations omitted.) *Little* at ¶ 10,

quoting *State v. Brown*, 9th Dist. Summit No. 29667, 2020-Ohio-4671, ¶ 12, quoting *State v. Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. An argument that the trial court imposed a sentence not authorized by statute "challenges the exercise of jurisdiction and if true would render [Baker's] sentence voidable, not void." *State ex rel. Crangle v. Summit Cty. Common Pleas Court*, 162 Ohio St.3d 488, 2020-Ohio-4871, ¶ 10. "If a judgment entry is voidable, then it must be challenged on direct appeal, or else principles of res judicata will apply, whereas a defendant's ability to challenge an entry at any time is the very essence of an entry being void, not voidable." (Internal quotations and citations omitted.) *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, ¶ 12. Baker has not argued or demonstrated on appeal that the trial court lacked subject matter or personal jurisdiction over him. *See* App.R. 16(A)(7). Accordingly, Baker has not demonstrated that his convictions and sentences are void. Being voidable, they are subject to res judicata. *State ex rel. Romine* at ¶ 12.

{¶13} Finally, to the extent Baker has argued that the December 14, 2007 judgment entry is not a final appealable order, he has not proven the same. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus ("A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."); *State ex rel. Rodriguez v. Barker*, 158 Ohio St.3d 39, 2019-Ohio-4155,¶ 10 ("[A] trial court's failure to address a specification does not affect the finality of the order.").

{¶14} Overall, Baker has not established that the trial court erred in denying his motion. Baker's assignments of error are overruled.

III.

**{¶15}** Baker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ELIZABETH N. GABA, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.