[Cite as *State v. Baker*, 2023-Ohio-1266.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 30263 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERMAINE C. BAKER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 07 01 0186(A) |

DECISION AND JOURNAL ENTRY

Dated: April 19, 2023

CARR, Presiding Judge.

{¶1} Defendant-Appellant Jermaine Baker appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court summarized the history of this matter in the last appeal:

Following a 2007 jury trial, Baker was convicted of multiple felonies including kidnapping, aggravated burglary, aggravated robbery, felonious assault, robbery, and having a weapon while under disability. Firearm, repeat violent offender, and body armor specifications accompanied several of the charges. Baker was sentenced April 30, 2007, and multiple nunc pro tunc entries were issued thereafter, including one journalized December 14, 2007. Baker appealed his convictions, and this Court affirmed the trial court's judgment. *See State v. Baker*, 9th Dist. Summit No. 23840, 2008-Ohio-1909.

Subsequently, Baker filed several post-conviction motions. A 2011 motion resulted in a correction to Baker's post-release control. In 2018, Baker filed a motion for resentencing arguing that his sentences were void or contrary to law and that the December 14, 2007 judgment entry was not a final appealable order. Baker alleged that the trial court was required to impose post-release control as to all of his convictions, that multiple consecutive sentences for the firearm and body armor specifications were contrary to law, and that the trial court failed to merge allied offenses. The trial court denied the motion. While Baker filed a notice of appeal

in the trial court, the appeal was not perfected, and an appeal was never docketed in this Court.

In December 2020, Baker filed a motion titled: "Defendant's Motion to Strike and Vacate the Supposed Jury Verdicts in this Case, to Vacate the Supposed Conviction and Sentencing Entry of December 14, 2007, and Motion for the Immediate Release of the Defendant from Prison, all for Cause Shown." In that motion Baker argued that there was no final appealable order because the trial court failed to sentence Baker on the repeat violent offender specifications, the trial court imposed multiple consecutive sentences on multiple firearm and body armor specifications, and the trial court sentenced Baker to a void indefinite prison sentence of 32 years with parole eligibility after 20 years. In addition, Baker contended that he was never properly charged and never arraigned on the body armor specifications. Finally, Baker maintained that the trial court was required to determine whether Baker was a repeat violent offender, not the jury. The State opposed the motion. It argued that Baker's motion was an untimely and successive petition for post-conviction relief and that his arguments were unfounded. Ultimately, the trial court[, on February 16, 2021,] denied the motion.

*State v. Baker*, 9th Dist. Summit No. 29943, 2021-Ohio-3991, ¶ 2-4.

{¶3} Baker then appealed to this Court. *Id.* at ¶ 5. While the appeal was pending in this Court, on July 8, 2021, Baker filed a motion in the trial court titled "Defendant's Motion to Re-Open his Motion to Vacate the Supposed Conviction and Sentencing Entry of 12/14/07, or in the Alternative, Motion for Relief from Judgment filed 2/16/21[.]" Baker asserted that, upon reviewing the case for the appeal, he became aware of additional errors made by the trial court which he believed rendered his sentence void and/or not final. He asked that the trial court vacate certain convictions and sentences and release him from prison. The State opposed Baker's motion. In his reply brief, Baker asserted the trial court's errors violated his constitutional rights.

{¶4} Baker also filed a motion in this Court seeking to have this Court stay the appeal and remand the matter to the trial court so it could rule on his July 8, 2021 motion. This Court denied Baker's motion. *State v. Baker*, 9th Dist. Summit No. 29943 (July 18, 2021). On November 10, 2021, this Court affirmed the trial court's judgment with respect to Baker's December 2020 motion. *See Baker*, 2021-Ohio-3991, at ¶ 1. In so doing, we concluded that Baker's motion was

an untimely and successive petition for post-conviction relief which the trial court lacked authority to entertain. *See id.* at ¶ 10-11. On February 17, 2022, the trial court denied Baker's July 8, 2021 motion.

{¶5}    Baker has appealed, raising three assignments of error for this Court's review. To facilitate review of this appeal, this Court will consolidate Baker's assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO RE-OPEN HIS MOTION TO VACATE. MR. BAKER'S SENTENCING IS VOID, AND THE DECEMBER 14, 2007 JUDGMENT ENTRY OF SENTENCE IS VOID. DEFENDANT WAS SENTENCED TO AN ILLEGAL HYBRID INDEFINITE SENTENCE, USING THE IMPROPER SENTENCING PACKAGE DOCTRINE, WHERE THE JUDGE DID NOT SENTENCE ON INDIVIDUAL COUNTS, AND WHERE THE JUDGE'S STATEMENTS AT SENTENCING DO NOT MATCH THE SENTENCING ENTRY.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO RE-OPEN. MR. BAKER'S SENTENCING IS VOID, AND THE DECEMBER 14, 2007 JUDGMENT ENTRY OF SENTENCE IS VOID. THE RVO "CONVICTIONS" WERE VOID AND TAINTED THE JURY, THE TRIAL COURT THEN FAILED TO DISPOSE OF THE RVO "CONVICTIONS" ATTACHED TO COUNTS 1, 2, 3, 4, 9, 11, 12, 13, 14, 23, 24, AND FAILED TO PROPERLY DISPOSE OF ALL COUNTS IN THE INDICTMENT.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO RE-OPEN. MR. BAKER'S SENTENCING IS VOID, AND THE DECEMBER 14, 2007 JUDGMENT ENTRY OF SENTENCE IS VOID. THERE WAS NO SUPERSEDING INDICTMENT FILED IN THIS CASE TO ADD THE BODY ARMOR COUNTS, AND EVEN IF THE COURT DEEMS THE "SUPPLEMENT" THAT WAS FILED EQUIVALENT TO A SUPERSEDING INDICTMENT, DEFENDANT WAS NEVER ARRAIGNED ON THE COUNTS PRIOR TO TRIAL.

{¶6} In Baker's three assignments of error, Baker raises various arguments asserting that his sentences are void and/or not final, and thus, the trial court should have granted his motion. Many of these arguments have been previously addressed in his prior appeal. *See generally Baker,* 2021-Ohio-3991. To the extent that Baker raised these same arguments in his July 2021 motion, which this Court previously rejected in the prior appeal, *see id.*, his arguments are barred by the doctrine of res judicata. "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." (Internal quotations and citations omitted.) *State v. Boware*, 9th Dist. Summit No. 28749, 2018-Ohio-1488, ¶ 7.

{¶7} To the extent that Baker attempted to raise new arguments in the trial court we view his filing as another untimely and successive petition for post-conviction relief. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *Baker,* 2021-Ohio-3991, at ¶9, quoting *State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 6, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion may be treated as a petition for post-conviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleges a denial of constitutional rights, seeks to render the judgment void or voidable, and requests that the judgment and sentence be vacated." *Baker*, 2021-Ohio-3991, at ¶ 9, quoting *Little* at ¶ 6. This can include motions seeking relief from judgment pursuant to Civ.R. 60(B). *See Schlee* at ¶ 12. Baker's July 2021 motion meets the foregoing criteria. Further, it is not the first motion of this nature that he has filed, and it is therefore a successive petition.

{¶8} Pursuant to R.C. 2953.21(A)(2)(a), Baker's petition had to be filed "no later than three hundred sixty-five days after the date on which the trial transcript [was] filed in the court of

appeals in the direct appeal of the judgment of conviction * * *." Thus, Baker's petition was clearly untimely and successive.

{¶9}   A trial court may not entertain untimely or successive petitions for postconviction relief unless the petitioner satisfies certain requirements. *See* R.C. 2953.23(A). Baker's petition does not satisfy the requirements in R.C. 2953.23(A). "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Baker*, 2021-Ohio-3991, at ¶ 11, quoting *Little* at ¶ 9, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. Therefore, the trial court lacked authority to entertain Baker's petition.

{¶10}   Baker has not demonstrated that the trial court erred in denying his July 2021 filing. Baker's assignments of error are overruled.

### III.

{¶11}   Baker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

_____
DONNA J. CARR
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ELIZABETH N. GABA, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.