[Cite as *State v. Hamblin*, 2022-Ohio-516.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO, : 
 : Case No. 21CA1136
    Plaintiff-Appellee, : 
 : 
v. : DECISION AND JUDGMENT
 : ENTRY
JEFFREY HAMBLIN, : 
 : 
    Defendants-Appellant. : 

APPEARANCES:

Jeffery Hamblin, Marion, Ohio, Appellant Pro Se.

C. David Kelley, Adams County Prosecuting Attorney, Mark R. Weaver and Ryan M. Stubenrauch, Assistant Prosecuting Attorneys, West Union, Ohio, for Appellee.

Smith, P.J.

{¶1} Jeffrey Hamblin appeals the March 23, 2021 "Entry Denying Defendant's Motion to Vacate Void Judgment" of the Adams County Court of Common Pleas. In 2005, Hamblin pled guilty to amended charges of murder with a firearm specification and tampering with evidence. In 2006, we found merit to the sole assigned error in his direct appeal and reversed the judgment of the trial court for resentencing, solely on the issue of financial sanctions. In his current appeal, Hamblin asserts the trial court erred when it accepted a negotiated plea

agreement which did not comport with statute, and also erred when the court held a resentencing hearing in his absence.

{¶2} Because we have characterized Hamblin's underlying motion as an untimely-filed petition for postconviction relief, we conclude the trial court lacked jurisdiction to entertain his constitutional claims raised in the petition and should not have addressed them on the merits. Thus, these claims should have been dismissed. Further, because the non-constitutional claims are barred by res judicata and were further waived by Hamblin's guilty pleas, we affirm the trial court's denial of these claims.

{¶3} Thus, the judgment of the trial court is affirmed as to the non-constitutional claims; but the judgment is modified as to the constitutional claims in order to reflect that they should have been dismissed for lack of jurisdiction. *See State v. Bear,* 4th Dist. Gallia No. at fn1. Accordingly, the judgment of the trial court is affirmed as modified.

FACTUAL AND PROCEDURAL BACKGROUND

{¶4} The brief facts summarizing the underlying trial court case were previously set forth in *State v. Hamblin,* 4th Dist. Adams No. 05CA816, 2006-Ohio-3207, at paragraphs one and two. We utilize them here as well. Hamblin initially faced charges of aggravated murder with a firearm specification and tampering with evidence. He pled guilty to the amended charges of murder with a

firearm specification and tampering with evidence. The trial court sentenced Hamblin to 15 years to life for the murder, with three years for the firearm specification to be served consecutively, and five years for tampering with evidence to be served concurrently. As part of the sentence, the court also imposed financial sanctions on Hamblin for restitution, court costs, and fees under R.C. 2929.18(A)(4).

{¶5} Hamblin filed a direct appeal regarding the financial sanctions, arguing the trial court failed to first consider his present and future ability to pay prior to imposition of the sanctions. In our decision, we found error because the court failed to consider Hamblin's ability to pay financial sanctions as required under R.C. 2929.19(B)(6). Accordingly, we reversed the matter for resentencing solely on the issue of sanctions.

{¶6} On September 8, 2006, the trial court conducted a resentencing hearing on the matter. On October 18, 2006, the trial court filed a judgment entry on resentencing. The trial court found Hamblin did have the ability to pay the previously ordered restitution.

{¶7} On January 31, 2020, Hamblin filed a motion to vacate void judgment. Therein, Hamblin requested a resentencing hearing because the trial court failed to comply with statutory sentencing requirements, causing his sentence to be contrary to law. Hamblin pointed out that the trial court sentenced him to post-release

control (PRC) when, as he stood convicted of unclassified felony murder, he was subject to parole under R.C. 2967.13. He also asserted that his trial counsel rendered ineffective assistance when counsel failed to object to the erroneous imposition of PRC. Consequently, he argued that his appellate counsel was ineffective for failing to raise the issue in Hamblin's direct appeal.

{¶8} On April 3, 2020, the State of Ohio filed its response. On May 18, 2020, Hamblin filed a reply to the State's response. On March 23, 2021, the trial court filed both a corrected judgment entry on sentencing and an entry denying defendant's motion to vacate void judgment. This appeal followed.

ASSIGNMENTS OF ERROR[1]

I.    THE TRIAL COURT ABUSED ITS DISCRETION BECAUSE IT DID NOT HAVE AUTHORITY TO USE R.C. 2929.191 AND R.C. 2967.28 TO REMOVE A PRC SANCTION AND ISSUE A CORRECTED MOTION, THE TRIAL COURT STATED, IN PART, IN PARAGRAPH ONE, "PURSUANT TO THIS COURTS' AUTHORITY, R.C. 2929.191, AND R.C. 2967.28, THE COURT HAS ISSUED A CORRECTED JUDGMENT ENTRY ON SENTENCING…"

II.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN, DURING THE ORIGINAL PLEA HEARING AND AGAIN DURING THE SENTENCING HEARING, THE TRIAL COURT ACCEPTED THE NEGOTIATED PLEA AGREEMENT THAT DID NOT COMPORT WITH STATUTE.

---

[1] The assignments of error are set forth exactly as they appeared in Appellant's brief.

III.    THE TRIAL COURT VIOLATED DEFENDANTS RIGHT TO DUE PROCESS BY AMENDING ORIGINAL SENTENCING ENTRY WITHOUT HOLDING RE-SENTENCING HEARING. R.C.2929.19 GIVES DEFENDANT THE RIGH TO PRESENT EVIDENCE IN MITIGATION PRIOR TO THE IMPOSITION OF SENTENCE.

IV.    APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO TAKE ACCOUNT OF THE TRIAL COURTS ERROR IN ACCEPTING DEFENDANT'S GUILTY PLEA IN VIOLATION OF CRIM.R. 11 BECAUSE THE ERRONEOUSLY IMPOSED PRC FOR THE UNCLASSIFIED FELONY UNDERSTATED THE DEFENDANTS UNDERSTANDING OF THE MAXIMUM PENALTY HE FACE. AS WELL AS FAILING TO APPEAL THE TRIAL COURT'S IMPOSITION OF A "STATED PRISON TERM OF (15) YEARS TO LIFE" TO WHICH THE TRIAL COURT AGREED TO FROM THE WRITTEN PLEA WAIVER AND THEN SENTENCED THE DEFENDANT TO, MAKING THE PENALTY FOR THE UNCLASSIFIED FELONY FIT THE STATUTE. R.C. 2967.28.

V.    THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OF THE CONSTITUTION OF THE STATE OF OHIO, WHEN R.C.2929.191 WAS USED TO REMOVE AN ERRONEOUS R.C. 2967.28 POST-RELEASE CONTROL SANCTION WHEN NO AUTHORITY EXISTS WITHIN THAT STATUTE FOR SUCH JUDICIAL ACTION. AS WELL AS THE VIOLATION OF CRIM.R. 11.

## A. STANDARD OF REVIEW

{¶9} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 is reviewed for an abuse of discretion and a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent, credible evidence. *See State v. Bear,* 4th Dist. Gallia No. 20CA9, 2021-Ohio-1539, at ¶ 13; *State v. Bennington,* 4th Dist. Adams No. 12CA956, 2013-Ohio-3772, ¶ 8, citing *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. The term "abuse of discretion" connotes more than an error of judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.,* citing *State v. Adams*, 623 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

## B. LEGAL ANALYSIS

### 1. Characterization of Hamblin's Irregular Motion.

{¶10} In order to review the denial of Hamblin's "Motion to Vacate or Set Aside Judgment," we must first determine how to characterize the motion. *See State v. Bear, supra,* at ¶ 8; *State v. Brown,* 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 18. As explained in *Brown,* " ' "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." ' " *Id.*, quoting *State v. Burkes,* 4th Dist.

Scioto No. 13CA3582, 2014-Ohio-3311, ¶ 11, in turn quoting *State v. Schlee*, 117

Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶11} The Supreme Court of Ohio has held as follows regarding when

irregular motions may meet the definition of petitions for postconviction relief:

" '[w]here a criminal defendant, subsequent to his or her direct appeal, files a

motion seeking vacation or correction of his or her sentence on the basis that his or

her constitutional rights have been violated, such a motion is a petition for

postconviction relief as defined in R.C. 2953.21.' " *Brown* at ¶ 19, quoting *State v.*

*Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus (1997).

{¶12} Thus, an irregular motion may meet the definition of a petition for

postconviction relief set forth in R.C. 2953.21(A)(1) if the motion was " '(1) filed

subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional

rights, (3) sought to render the judgment void, and (4) asked for vacation of the

judgment and sentence.' " *Brown* at ¶ 19, quoting *State v. Reynolds* at 160.

{¶13} " '[P]ostconviction relief petitions are used to assert claims that there

was a denial or infringement of the person's rights as to render the judgment void

or voidable under the Ohio or United States Constitutions.' " *Brown* at ¶ 20,

quoting *State v. Kelly,* 4th Dist. Scioto No. 14CA3637, 2014-Ohio-5840, ¶ 4. " 'It

is a means to resolve constitutional claims that cannot be addressed on direct

appeal because the evidence supporting the claims is not contained in the record.' "

*Brown* at ¶ 20, quoting *Kelly* at ¶ 5, citing *State v. Shaffer,* 4th Dist. Lawrence No. 14CA15, 2014-Ohio-4976, ¶ 9; *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18.

{¶14} Here, constitutional claims set forth in Hamblin's "Motion To Vacate Void Judgment" cause his motion to meet the definition of a petition for postconviction relief pursuant to R.C. 2953.21. Additionally, Hamblin sought to render the judgment void.

2. Timeliness

{¶15} Initially, we note that limitations exist with respect to the filing of a postconviction relief petition. *See Bear, supra,* at ¶ 14. A petition for postconviction relief is subject to strict filing requirements. Pursuant to R.C. 2953.21(A)(2), the time for filing a petition for postconviction relief is: (1) 365 days from the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction, or (2) 365 days after the expiration of the time for filing the notice of appeal, if no direct appeal is taken.

{¶16} If a defendant fails to file his petition within the prescribed period, the trial court may entertain the petition only if: (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him; and (2) the petitioner

shows by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1); *see also Bear, supra,* at ¶ 15; *State v. McManaway,* 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 13-16 (trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the untimeliness is excused by statute).

{¶17} It is obvious that Hamblin has filed an untimely petition for postconviction relief. Hamblin filed a direct appeal which we found to have merit. We rendered our decision on the direct appeal in 2006. As noted above, Hamblin had 365 days from the date on which the trial transcript was filed in the court of appeals in his direct appeal. R.C. 2953.21(A)(2)(1). Hamblin filed his petition for postconviction relief on January 31, 2020. Thus, it is obviously well beyond the time limit.

{¶18} Furthermore, Hamblin has failed to argue and establish the applicability of either exception set forth in R.C. 2953.23(A). Thus, we find that the trial court lacked jurisdiction to entertain Hamblin's motion. *Brown* at ¶ 25. However, even if the trial court had not lacked jurisdiction to entertain Hamblin's motion, we would find no merit to the issues raised in each assignment of error.

3. Assignments of Error 1,2, 3, and 5 are Barred by Res Judicata.

{¶19} In addition to dismissing a petition as being untimely, a trial court

may also dismiss a petition when the claims are barred by the doctrine of res judicata. *See Bear, supra,* at ¶ 16; *State v. Boler,* 4th Dist. Athens No. 18CA2, 2018-Ohio-3722, ¶ 19, citing *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus (1996). The doctrine of res judicata is applicable in all postconviction relief proceedings and provides that: "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Bear, supra; Boler* at ¶ 19, quoting *Szefcyk* at 95.

{¶20} Hamblin asserts the trial court's judgment denying his motion to vacate is void. The determination of whether a judgment is void is a question of law. *See State v. Cave*, 4th Dist. Scioto No. 20CA3921, at ¶ 5; *State v. J.M.,* 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 9, citing *Ceccarelli v. Levin,* 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8; *State v. McNamara,* 4th Dist. Pickaway No. 17CA13, 2018-Ohio-2880 at ¶ 4; *Blaine v. Blaine,* 4th Dist. Jackson No. 10CA15, 2011-Ohio-1654.

{¶21} In *State v. Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Supreme Court of Ohio recently "realign[ed]" its void-sentence jurisprudence and returned to "the traditional understanding of what constitutes a

void judgment." *Id.* at ¶ 4. The court stated that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. When a sentencing court has jurisdiction to act, sentencing errors render the sentence "voidable, not void, and [the sentence] is not subject to collateral attack." *Id.* at ¶ 5. "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 19, 162 N.E.3d 776, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. *See generally, Cave, supra,* at ¶¶ 9-12; *State ex rel. Davis v. Turner,* 164 Ohio St. 3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, at ¶ 10; *State v. Rogers,* 8th Dist. Cuyahoga No. 109805, 2021-Ohio-2262, at ¶¶ 12-16; State v. Little, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, at ¶¶ 10-11; *State v. Robinson*, 10th Dist. Franklin No. 20AP-562, 2021-Ohio-2572, at ¶¶ 9-11; *State v. Gross,* 11th Dist. Lake No. 2021-L-042, 2021-Ohio-3289, at ¶¶ 21-24.

{¶23} In the present case, the trial court had subject-matter jurisdiction over Hamblin's case and personal jurisdiction over Hamblin. *See Harper* at ¶ 25, quoting *Smith v. Sheldon,* 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8, 131 N.E.3d 1 (stating that " 'a common pleas court has subject-matter jurisdiction over felony cases' "); *Henderson* at ¶ 36, citing *Tari v. State,* 117 Ohio St. 481, 490, 159 N.E.

594 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). As such, any error in the exercise of the trial court's jurisdiction rendered appellant's sentence voidable, not void. *State v. Thompson,* 10th Dist. No. 19AP-359, 2020-Ohio-6756, ¶ 12.

{¶24} The procedural facts in Hamblin's case are similar to those presented in *Little, supra.* Little was convicted of aggravated murder and additional offenses in 2009. Little filed various appeals. In July 2020, Little filed a pro se "Motion to Correct Void Sentence; Failure to Properly Impose Post-Release Control Pursuant to R.C. 2929.191" with the trial court. The trial court denied the motion. The court explained that while the initial advisal was improper in 2009, the mistake had been corrected at a 2010 resentencing hearing. The court also filed a nunc pro tunc journal entry to record the correction of the judgment of conviction, in accordance with R.C. 2929.191.

{¶25} In Little's appeal from the trial court's denying his motion to correct a void sentence, Little argued that the trial court failed to track the statutory language set forth in R.C. 2967.28 to properly impose PRC. He also argued that the trial court's entry did not comply with Crim.R. 32(C). As here, the appellate court found Appellant's irregular motion to be an untimely petition for postconviction relief. Furthermore, his claim that his sentence was void did not change the result.

The appellate court characterized his argument as asserting his sentence was voidable, not void.

{¶26} Importantly, the appellate court found that assuming for argument that the trial court had authority to entertain Little's petition, his claims would be barred by the doctrine of res judicata because Little's argument that the trial court failed to properly impose PRC should have been made in his direct appeal. Consequently, it was subject to res judicata. *Little, supra*, at ¶ 11; *Harper, supra*, at ¶ 43.

{¶27} Based on the foregoing, in addition to Hamblin's motion being barred from consideration as untimely, the arguments made in Assignments of Error 1, 2, 3 and 5 are also barred by res judicata.

4.   Assignment of Error 4 is Improperly Presented Herein.

{¶28} Finally, Hamblin also argues that his appellate counsel was ineffective for failing to notice that the trial court erred in accepting his guilty pleas in violation of Crim.R. 11, and by failing to raise this argument in the direct appeal. We previously considered similar arguments in *State v. Hamilton,* 4th Dist. Hocking No. 05CA4, 2005-Ohio-5450. There, we found that the trial court's misstatements regarding parole eligibility and PRC did not render the defendant's guilty plea invalid. We also found the defendant was not denied the effective

assistance of counsel where defendant failed to demonstrate that he would not have pled guilty if counsel had objected to the court's misstatements.

{¶29} However, we need not consider Hamblin's argument that his appellate counsel should have appealed the trial court's decision to impose PRC for the unclassified felony at the time of the direct appeal because it is not properly before us in the context of the appeal of a denial of a postconviction motion. The proper vehicle to raise the issue of ineffective assistance of appellate counsel is through an application to reopen the appeal made pursuant to App.R. 26(B). *See State v. Casey,* 2018-Ohio-2084, 113 N.E.3d 959, at ¶ 45 (12th Dist.); *State v. Teets,* 4th Dist. Pickaway No. 15CA31, 2016-Ohio-7274, at ¶ 16. Therefore, we decline to consider Appellant's fourth assignment of error.

5.  Conclusion.

{¶30} For the reasons set forth above, Hamblin's arguments fail. Having found that his constitutional claims were brought as part of an untimely filed petition for postconviction relief, they are time-barred and further barred by the doctrine of res judicata. As such, the trial court lacked jurisdiction to consider these claims. Rather than denying these claims, the trial court should have dismissed them. Therefore, under the authority of App.R. 12(A)(1)(a), the judgment of the trial court is modified to reflect dismissal of Hamblin's constitutional claims. The rest of the trial court's judgment shall remain intact

with respect to the non-constitutional claims which we have determined to be barred by res judicata.  Accordingly, we affirm the judgment of the trial court with the modification.  *See Bear, supra,* at ¶ 41.

**JUDGMENT AFFIRMED AS MODIFIED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED AS MODIFIED. Appellee shall recover any costs from Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**