[Cite as *State v. Elliott*, 2024-Ohio-3362.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 24CA2 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Earl W. Elliott, | : | |
| Defendant-Appellant. | : | **RELEASED 8/28/2024** |

_____

<u>APPEARANCES</u>:

Earl W. Elliott, Chillicothe, Ohio, pro se.[1]

_____

Hess, J.

{¶1}    Earl W. Elliott appeals from a judgment of the Highland County Court of Common Pleas denying his motion in which he sought to vacate and set aside his sentence as void. In 2021, Elliott was sentenced to 9 months for assault on a police officer, and because Elliott was on post-release control when he committed the assault, he was also sentenced to 1,614 days for the post-release control violation. Elliott does not contest the nine-months sentence for assault. However, Elliott challenges the 1,614-day portion of his sentence and contends that the most he could have been sentenced to for a post-release control violation was 2 years, which is 730 days, not 1,614 days.

{¶2}    The trial court rejected Elliott's argument. It found that Elliott contends that the trial court imposed "an incorrect sentence under the law" – not one "not authorized by

---

[1] The State did not appear or otherwise participate in this appeal.

law"; therefore, the sentence is not "void," and his challenge should have been made in a direct appeal. Second, it addressed Elliott's argument and noted that Elliott "conflates the law that allows the Adult Parole Authority to impose a sanction of up to one-half of the original sentence in the case in which a Defendant is placed on post release control for a violation of the terms of that supervision [which in Elliott's case would have been two years] with the authority of a court to impose an additional sentence in a new felony case committed while an offender is on post release control supervision" which is governed by R.C. 2929.141(A)(1) and would be 1,614 days.

{¶3}    Elliott raises one assignment of error in which he contends that the trial court erred in imposing "a sentence upon appellant that is not authorized by law."  He argues that at the time of his plea in 2021, R.C. 2929.19(B)(2)(f) was in effect and allowed only for a prison term of up to one-half of the term originally imposed. Because his original sentence was four years, he contends that the maximum he could be sentenced for his post-release control violation was two years. He contends that R.C. 2929.141(A)(1), which the trial court relied upon to sentence him to 1,614 days, was "enacted April 4, 2023," which was well after he entered his guilty plea in 2021.

{¶4}    We find that Elliott's argument has no merit because his petition is untimely and is barred by res judicata. We overrule his assignment of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶5}    In February 2021, the Highland County grand jury indicted Elliott on one count of assault on a peace officer in violation of R.C. 2903.13(A), a fourth-degree felony, and one count of aggravated possession of methamphetamine in violation of R.C

2925.11, a fifth-degree felony. Initially Elliott entered a not guilty plea but later changed

his plea and entered a guilty plea to assaulting a peace officer. The State dismissed the

methamphetamine possession count. The State and defense jointly recommended a

nine-month prison sentence for the assault count. The trial court imposed a nine-month

prison term for the assault count and 1,614-day prison term for violation of post-release

control, to be served consecutively. Elliott did not appeal.

{¶6}    In December 2023, Elliott filed a "Motion for this Court to Vacate and Set

Aside a Void Sentence" in the trial court in which he argued that he should have received

a maximum of 2 years (730 days) in prison for his post-release control violation, not the

1,614-day prison term imposed by the court. The trial court, in a clear, straightforward,

and well-reasoned decision, overruled the motion on the grounds that (1) Elliott should

have raised his contentions in a direct appeal and (2) R.C. 2929.141(A)(1) authorizes a

trial court to impose an additional sentence upon an offender who commits a felony while

under post-release supervision.

{¶7}    The trial court explained that Elliott should have brought this issue in a direct

appeal:

> The Court first notes that the Defendant alleges that he should have
> received a maximum of two years on his post release control time.
> Therefore, his allegations are that the Court imposed an incorrect sentence
> under the law, not a sentence not authorized by law. Therefore, the Court
> finds that the sentence is not void and therefore the alleged error should
> have been raised on a direct appeal.

The trial court then addressed the merits of Elliott's claim:

> That sentence is the greater of twelve months or whatever time was left on
> the term of post release control supervision. In this case, the time remaining
> at the time of the conviction in this case was 1164 days [sic] which was
> imposed. Page two of the plea of guilty form in this case specifically noted
> that the Defendant was on post-release control. Notice of that from the Adult

Parole Authority was filed on February 4, 2021. The amount of time was discussed on the record prior to the imposition of the additional 1164 days [sic].

The Defendant was informed at the plea colloquy and was aware that the additional time could be imposed to run consecutively to the sentence for the Assault on a Police Officer charge. His claim is without merit.

**{¶8}** The trial court denied Elliott's petition and he appealed.

**{¶9}** We note that the amount of time remaining under Elliott's post-release control at the time of his sentencing was "1614" days, not "1164" days as reflected in the trial court's decision quoted above. The trial court's sentencing entry correctly reflects that the time ordered served for the post-release control violation is "1614" days and is an accurate calculation based upon the Adult Parole Authority letter regarding the period remaining under post-release control. Thus, the trial court's reference to "1164" days is a typographical and transpositional error that has no impact on Elliott's prison term.

## II. ASSIGNMENT OF ERROR

**{¶10}** Elliott presents one assignment of error:

Appellant contends that the trial court denied him substantive due process under the 1st, 5th, 6th, and 14th Amendments to the United States Constitutions [sic] and Article I, Section 10 of the Ohio Constitution where the trial court imposed a sentence upon appellant that is not authorized by law.

## III. LEGAL ANALYSIS

**{¶11}** Elliott's motion to vacate his sentence based on alleged constitutional violations is a petition for postconviction relief under R.C. 2953.21. *State v. Reynolds,* 79 Ohio St.3d 158, 160 (1997) ("where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for

postconviction relief as defined in R.C. 2953.21"); *State v. Cave*, 2021-Ohio-874, ¶ 11 (4th Dist.). We review a trial court's decision granting or denying a postconviction petition for abuse of discretion. *State v. Hamblin*, 2022-Ohio-516, ¶ 9.

{¶12} Where no direct appeal was filed in the underlying criminal case, a petition for postconviction relief must be filed no later than 365 days after the expiration of the time for filing the appeal. *See* R.C. 2953.21(A)(2)(a). Here, the judgment of conviction was entered on March 8, 2021 and the time for filing the appeal expired on April 7, 2021. Thus, the time for Elliott to file a postconviction relief petition expired on April 7, 2022. Elliott filed his petition on December 26, 2023, which is over 20 months late. A petition may be filed beyond the deadline as provided for in R.C. 2953.23(A). However, in his petition, Elliott did not contend that any of the provisions of R.C. 2953.23 applied. Thus, his petition was untimely. Under R.C. 2953.23(A) "a court may not entertain a petition" filed after the expiration of the period prescribed in R.C. 2953.21(A) unless an exception under R.C. 2953.23(A) applies. Thus, the trial court lacked jurisdiction over Elliott's untimely petition, and it should have been dismissed.

{¶13} Additionally, we find that the trial court correctly determined that Elliott should have raised this issue in a direct appeal. Therefore, his petition was barred by res judicata. Elliott contends that the trial court applied the incorrect statute to his post-release control sentence. He argues that R.C. 2929.19(B)(2)(f) governed his sentence and provided for a two-year prison term for post-release control violations. He incorrectly argues that R.C. 2929.141 was not enacted in 2021 and could not have applied to his

sentence.[2] Elliott's contention that the trial court applied the wrong statutory provision when sentencing him for his post-release control violation would mean that the sentence is voidable, not void.

> [S]entences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term. A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.

*State v. Henderson*, 2020-Ohio-4784, ¶ 27. Elliott does not contend that the trial court lacked jurisdiction over the subject matter of his case or over him personally. Therefore, his sentence is not void.

{¶14} Because Elliott's purported sentencing error would only render the sentence voidable, his attempt to correct the purported error in a postconviction petition for resentencing is improper. *Id.* at ¶ 40. "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19; *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997) ("It is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal."); *State v. Hamblin*, 2022-Ohio-516, ¶ 21 (4th Dist.).

{¶15} The trial court did not err in denying Elliott's petition. It was untimely and was barred by res judicata. We overrule Elliott's assignment of error.

---

[2] Both R.C. 2929.19 and R.C. 2929.141 were enacted over 20 years ago. The Ohio Legislature amends provisions of these statutes from time to time and the effective date of the most current version is noted in the statute. The relevant provisions here existed in their current version when Elliott made his guilty plea in March 2021, and R.C. 2929.141 gave the trial court authority to impose a 1,614-day sentence for his post-release conviction violation.

## IV.  CONCLUSION

{¶15} Having overruled the assignment of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**