**[Cite as *State v. Brown*, 2020-Ohio-4671.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29667 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TOBY DEE BROWN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 96 08 2041(A) |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2020

CALLAHAN, Presiding Judge.

{¶1}   Appellant, Toby D. Brown, appeals an order of the Summit County Court of Common Pleas that denied his "Motion to Correct Statutorily Invalid Sentence." This Court affirms.

I.

{¶2}   In 1997, a jury found Mr. Brown guilty of three counts of aggravated murder and one count each of aggravated robbery, aggravated burglary, tampering with evidence, and failure to comply with an order or signal of a police officer. The jury also found that Mr. Brown was the principal offender in the commission of felony murder pursuant to R.C. 2929.04(A)(7) for purposes of imposing a sentence of death. Following the mitigation hearing, however, the jury recommended a sentence of life imprisonment with parole eligibility after thirty years. The trial court imposed that sentence, and Mr. Brown appealed. This court affirmed his convictions, but reversed with respect to the principal-offender specification. *State v. Brown*, 9th Dist. Summit No.

18766, 1998 WL 696770, *5 (Oct. 7, 1998) ("*Brown* I"). This Court remanded the matter for resentencing consistent with our opinion. *Id.*

{¶3} In 1999, the trial court resentenced Mr. Brown for the aggravated murder conviction to a prison term of twenty years to life. Mr. Brown did not appeal that decision. On February 15, 2005, Mr. Brown filed a "Motion to Correct Improper Sentence to Conform with the Ruling of the Ninth District Appellate Court," in which he argued that he should not have been resentenced for the aggravated murder conviction. The trial court denied that motion. On December 22, 2008, Mr. Brown filed a "Motion to Vacate Void Sentence," arguing that the trial court erred in its postrelease control notifications with respect to his resentencing. The trial court denied that motion as well. On June 19, 2009, Mr. Brown moved the trial court to resentence him again, arguing that his sentence did not comply with Crim.R. 32.

{¶4} The State agreed that Mr. Brown should be resentenced, and on July 15, 2009, the trial court issued a new sentencing entry that imposed the same penalty for the aggravated murder conviction. Mr. Brown immediately filed another motion for resentencing, arguing that the trial court omitted postrelease control notification. The State agreed that Mr. Brown should be resentenced on that basis. The trial court resentenced him on October 27, 2009, and once again, the sentencing entry contained the same sentence previously imposed for the aggravated murder conviction. Mr. Brown appealed, asserting several assignments of error that reached beyond the scope of his resentencing.[1] *See State v. Brown*, 9th Dist. Summit No. 25077, 2010-Ohio-4453, ¶ 11-19 ("*Brown* II").

---

[1] In a subsequent appeal, this Court explained we addressed the merits of these assignments of error because "the Supreme Court had yet to issue its post-release control decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238." *State v. Brown*, 9th Dist. Summit No. 26427, 2012-Ohio-5484, ¶ 11 ("*Brown* III").

{¶5}   On August 15, 2011, Mr. Brown was resentenced again in conformity with this Court's opinion in *Brown* II.  Because his aggravated murder sentence was not at issue in that appeal, his sentence for that conviction did not change.  On March 9, 2012, Mr. Brown filed another motion titled "Motion to Correct Illegal Sentence," again arguing that his sentencing entry failed to comply with Crim.R. 32.  The trial court denied that motion, and Mr. Brown filed another appeal, arguing that his conviction for aggravated murder was not supported by sufficient evidence.  *Brown* III at ¶ 8.  This Court concluded that Mr. Brown's arguments were res judicata because they could have been raised in his direct appeal.  *Id*. at ¶ 11.

{¶6}   Mr. Brown filed the "Motion to Correct Statutorily Invalid Sentence" that is at issue in this appeal on March 11, 2019.  In that motion, Mr. Brown argued that his aggravated murder sentence as set forth in the resentencing order of October 27, 2009, was not authorized by statute. The trial court denied his motion, and Mr. Brown filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT['S] MOTION TO CORRECT A STATUTORILY INVALID SENTENCE[.]

{¶7}   In his assignment of error, Mr. Brown argues that the trial court erred by denying his motion because the sentence imposed upon him in the 2009 resentencing was contrary to law.

{¶8}   This Court must first consider the nature of the motion at issue in this appeal.  R.C. 2953.21(A)(1)(a) provides:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking

the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

This Court may construe an irregular motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence," may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated. *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); R.C. 2953.21(A)(1)(a). This Court has characterized similar motions as petitions for postconviction relief. *See*, *e.g.*, *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7. Mr. Brown's motion is appropriately considered to be a petition for postconviction relief.

{¶9} R.C. 2953.21(A)(2)[2] provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. After this Court reversed his aggravated murder conviction in part, Mr. Brown was resentenced on February 3, 1999. The trial court's October 27, 2009, order that resentenced Mr. Brown to correct a postrelease control notification imposed the same sentence, and it did not restart the clock with respect to timely filing of a petition for postconviction relief. *See State v. O'Neal*, 9th Dist. Medina No. 08CA0028-M,

---

[2] Mr. Brown filed his petition on March 11, 2019, so the current versions of the postconviction statutes apply in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

2008-Ohio-6572, ¶ 12-13. Consequently, because Mr. Brown did not file a direct appeal from the February 3, 1999, order, he had until March 6, 2000, to petition for postconviction relief.[3] Mr. Brown filed his petition on March 11, 2019, nineteen years after that deadline passed. In addition, "R.C. 2953.23(A) allows a prisoner to file only one postconviction petition in most situations." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 21. Mr. Brown's current petition also represents at least the second that he has filed. Mr. Brown's petition, therefore, is both untimely and successive. *See Apanovitch* at ¶ 21.

{¶10} "R.C. 2953.23(A) permits a prisoner to file an untimely, successive petition for postconviction relief only under specific, limited circumstances." *Id.* at ¶ 22. A trial court may only entertain an untimely or successive petition for postconviction relief when:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). When the requirements of R.C. 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition. *See Apanovitch* at ¶ 36.

{¶11} Mr. Brown's petition did not explain why he was unavoidably prevented from discovering the facts upon which it was based, and it did not identify a retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A)(1)(a). Because Mr.

---

[3] Because March 4, 2000, was a Saturday, Mr. Brown's deadline for filing his petition was Monday, March 6, 2000.

Brown has not satisfied that requirement, we conclude that the trial court could not consider his untimely and successive petition and need not address whether he has satisfied the requirements of R.C. 2953.23(A)(1)(b). *See Apanovitch* at ¶ 26.

{¶12} Mr. Brown's suggestion that his sentence is void does not change this result. A sentence is only void "when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 42. Mr. Brown's argument is properly characterized as one asserting that his sentence is voidable, not void. *See State ex rel. Rodriguez v. Barker*, 158 Ohio St.3d 39, 2019-Ohio-4155, ¶ 9, quoting *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 23.

{¶13} Mr. Brown's assignment of error is overruled.

### III.

{¶14} Mr. Brown's assignment of error is overruled. The judgement of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TOBY D. BROWN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.