[Cite as *State v. Little*, 2021-Ohio-1446.]

STATE OF OHIO    )     IN THE COURT OF APPEALS
           )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

STATE OF OHIO          C.A. No.  20CA011662

   Appellee

   v.             APPEAL FROM JUDGMENT
                 ENTERED IN THE
TERRY LITTLE         COURT OF COMMON PLEAS
                 COUNTY OF LORAIN, OHIO
   Appellant        CASE No.  07CR074162

DECISION AND JOURNAL ENTRY

Dated: April 26, 2021

TEODOSIO, Judge.

{¶1} Appellant, Terry Little, appeals from the judgment of the Lorain County Court of Common Pleas denying his motion to correct a void sentence. This Court affirms.

I.

{¶2} In a prior appeal, this Court set out the pertinent facts and procedural history of this case as follows:

> In 2009, Little was convicted of aggravated murder and numerous additional offenses. His convictions stemmed from the death of Lewis Turner, who was shot and killed on July 30, 2007. The trial court imposed a total sentence of 30 years to life in prison. Little filed a direct appeal to this Court and his convictions were affirmed. *State v. Little*, 9th Dist. Lorain No. 10CA009758, 2011-Ohio-768 [("*Little I*")].
>
> While his appeal was pending, Little filed a petition for post-conviction relief. The trial court issued a journal entry with findings of fact and conclusions of law denying the petition.
>
> Several years later, on August 11, 2017, Little filed a pro se motion for leave to file a motion for new trial in addition to a pro se motion for new trial based on newly

discovered evidence. After reviewing the record and the applicable law, the trial court denied the motion for new trial.

*State v. Little*, 9th Dist. Lorain No. 17CA011210, 2018-Ohio-5267, ¶ 2-4 ("*Little II*"). Mr. Little appealed the trial court's denial of his motion for a new trial, and this Court affirmed. *Id.* at ¶ 16.

{¶3} On July 17, 2020, Mr. Little filed a pro se "Motion to Correct Void Sentence; Failure to Properly Impose Post-Release Control Pursuant to R.C. 2929.191" with the trial court, arguing that the court had improperly imposed post-release control in this matter. The trial court denied the motion in a journal entry filed on July 23, 2020. The court explained that while it improperly advised Mr. Little of post-release control at his December 23, 2009, sentencing hearing, the error was corrected when the court properly advised him of post-release control at his January 6, 2010, resentencing hearing. Also on January 6, 2010, the court filed a journal entry nunc pro tunc to record the correction to the judgment of conviction, in accordance with R.C. 2929.191.

{¶4} Mr. Little now appeals from the trial court's judgment denying his motion to correct a void sentence and raises two assignments of error for this Court's review. We have consolidated his assignments of error because they require the same analysis.

II.

## ASSIGNMENT OF ERROR ONE

TRIAL COURT ERRED IN FAILING TO TRACK THE STATUTORY LANGUAGE SET FORTH IN R.C. 2967.28(F)(4)(c) TO PROPERLY IMPOSE POST-RELEASE CONTROL.

## ASSIGNMENT OF ERROR TWO

[THE] TRIAL COURT * * * FAILED TO INCLUDE THE MAXIMUM TERM OF POST[-]RELEASE CONTROL IMPOSED IN CASE NUMBER 07CR074147 IN THE SENTENCING JOURNAL ENTRY OF CASE NUMBER 07CR074162[,] WHICH WOULD HAVE SUSTAINED FOR THE

AGGREGATE TERM OF POST[-]RELEASE CONTROL[;] THEREFORE [IT] DID NOT COMPLY WITH CRIM.R.32(C).

{¶5} In his first and second assignments of error, Mr. Little argues that the trial court erred in its imposition of post-release control and erred in denying his motion to correct a void sentence. We disagree.

{¶6} At the outset, we must first consider the nature of Mr. Little's motion to correct a void sentence. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. Pursuant to Former R.C. 2953.21(A)(1)(a):

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

A vaguely titled motion may be treated as a petition for post-conviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleges a denial of constitutional rights, seeks to render the judgment void or voidable, and requests that the judgment and sentence be vacated. *State v. Nichols*, 9th Dist. Summit No. 29228, 2019-Ohio-3084, ¶ 8; *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Mr. Little's motion to correct a void sentence meets these requirements and may therefore be considered appropriately as a petition for post-conviction relief.

{¶7} Because Mr. Little filed a direct appeal from his convictions, and his case did not involve a sentence of death, he was required to file his petition for post-conviction relief "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of

appeals in the direct appeal of the judgment of conviction * * *." Former R.C. 2953.21(A)(2).[1] The trial transcript was filed in Mr. Little's direct appeal on August 6, 2010. Mr. Little did not file his petition in the trial court, however, until July 17, 2020, almost a full decade past the statutory deadline. His petition for post-conviction relief was therefore untimely. Apart from being untimely, it was also successive, as Mr. Little previously filed a petition for post-conviction relief in this case on July 29, 2010, during the pendency of his direct appeal. *See Little II* at ¶ 3.

{¶8} A trial court may not entertain untimely or successive petitions for post-conviction relief unless the petitioner satisfies certain requirements. *See* R.C. 2953.23(A)(1). First, he must show either that (1) he was "unavoidably prevented" from discovering the facts he relies on, or (2) subsequent to the 365-day deadline, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶9} Mr. Little has made no attempt to satisfy the requirements of R.C. 2953.23(A)(1). "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive post[-]conviction petition." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. Consequently, the trial court lacked authority to entertain Mr. Little's untimely and successive petition, and properly denied it. *See Nichols* at ¶ 13.

---

[1] Although Mr. Little was convicted in December of 2009, he filed his petition on July 17, 2020, so the amended versions of the post-conviction relief statutes that became effective on April 6, 2017, apply in this case. *See, e.g., State v. Morris*, 9th Dist. Summit No. 29419, 2019-Ohio-5404, ¶ 6, fn. 1.

{¶10} Mr. Little's claim that his sentence is void does not change this result. *See State v. Brown*, 9th Dist. Summit No. 29667, 2020-Ohio-4671, ¶ 12. "A sentence is only void 'when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused.'" *Id.*, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. Mr. Little's argument is therefore properly characterized as one asserting that his sentence is voidable, not void. *See Brown* at ¶ 12.

{¶11} Even assuming arguendo that the trial court had authority to entertain Mr. Little's petition, his claims would nonetheless be precluded by the doctrine of res judicata. *See Nichols* at ¶ 14. Pursuant to the doctrine of res judicata:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Mr. Little's argument that the trial court failed to properly impose post-release control should have been made in his direct appeal and is now barred by res judicata. *See Harper* at ¶ 43 ("[A]ny claim that the trial court has failed to properly impose post[-]release control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata.").

{¶12} For the above reasons, Mr. Little's first and second assignments of error are both overruled.

III.

{¶13} Mr. Little's first and second assignments of error are overruled. The judgment of the Lorain Count Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

TERRY LITTLE, pro se, Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.