[Cite as *State v. Pedraza*, 2021-Ohio-2976.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

BENJAMIN PEDRAZA, III

    Appellant

C.A. No.    20CA0067-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18CR0990

DECISION AND JOURNAL ENTRY

Dated: August 30, 2021

HENSAL, Presiding Judge.

{¶1}    Benjamin Pedraza III appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    This is the second time this case has been before this Court. In *State v. Pedraza*, 9th Dist. Medina No. 19CA0049-M, 2020-Ohio-2661, Mr. Pedraza raised two assignments of error that challenged his sentence for pandering sexually oriented material involving a minor. *Id.* at ¶ 5, 15. He also argued that his trial counsel provided ineffective assistance. *Id.* at ¶ 24. This Court overruled all three assignments of error. *Id.* at ¶ 14, 23, 29.

{¶3}    Then, on June 11, 2020, Mr. Pedraza filed a pro se "Motion to Dismiss Conviction and Discharge Pursuant to R.C. 2945.71-73 Speedy Trial Violation[.]" The trial court construed his motion as a petition for post-conviction relief under Revised Code Section

2953.21, and denied it on the basis of res judicata. It concluded that Mr. Pedraza could have raised the speedy-trial issue at trial, and then on his first appeal to this Court.

{¶4} Over four months later, on October 26, 2020, Mr. Pedraza filed a "Motion with Supporting Memorandum to Dismiss Indictment for Failure of the State to Provide Defendant Incarcerated in Lieu of Bail with Speedy Trial Under Ohio Rev. Code 2945.71 Crim. Rule 48[.]" Mr. Pedraza requested that the trial court dismiss the case against him, and discharge him. The trial court summarily denied his motion without explaining its reasoning. This appeal followed. Mr. Pedraza now raises two assignments of error for this Court's review, which we will consider together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO BRING APPELLANT TO TRIAL WITHIN 90 DAYS AS REQUIRED BY O.R.C. 2945.71[](B)(2), DENYING HIM HIS RIGHT TO A SPEEDY TRIAL GUARANTEED TO HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I [] SECTION 10 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSE[D] IT[S] DISCRETION IN NOT GRANTING THE MOTION TO DISMISS INDICTMENT FILED ON OCTOBER 26, 2020.

{¶5} In his assignments of error, Mr. Pedraza argues that the trial court violated his statutory and constitutional right to a speedy trial, and that it erred by denying his post-conviction, pro se motion to dismiss the indictment.[1] We disagree.

---

[1] The "Issue Presented for Review" under Mr. Pedraza's first assignment of error states: "Did the Trial Court Err by not adjudicating a motion to discharge for speedy trial violation without first having a hearing before proceeding to trial?" The body of his assignment of error, however, does not contain an argument regarding the trial court's failure to conduct a hearing. We, therefore, will not address that issue. *See* App.R. 16(A)(7).

{¶6} Mr. Pedraza's post-conviction, pro se motion to dismiss the indictment and discharge him based upon an alleged violation of his right to a speedy trial was, in substance, a successive petition for post-conviction relief. *See State v. Charles*, 9th Dist. Lorain No. 20CA011608, 2020-Ohio-5558, ¶ 6 (explaining how courts can construe an "irregular motion" as a petition for post-conviction relief). A trial court, however, "may not entertain untimely or successive petitions for post-conviction relief unless the petitioner satisfies certain requirements." *State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 8, citing R.C. 2953.23(A)(1). "First, he must show either that (1) he was 'unavoidably prevented' from discovering the facts he relies on, or (2) subsequent to the 365-day deadline, 'the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right.'" (Alteration sic.) *Id.*, quoting R.C. 2953.23(A)(1)(a). "Second, he must show 'by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *.'" *Id.*, quoting R.C. 2953.23(A)(1)(b). A petitioner's failure to satisfy these requirements "deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36.

{¶7} Mr. Pedraza made no attempt to satisfy the requirements of Section 2953.23(A)(1). Consequently, the trial court lacked authority to entertain his successive motion regarding the alleged violation of his right to a speedy trial, and properly denied it. *Little* at ¶ 9. Mr. Pedraza's assignments of error are overruled.

4

## III.

**{¶8}** Mr. Pedraza's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BENJAMIN PEDRAZA, III, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.