[Cite as *State v. Hunt*, 2022-Ohio-458.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

KENNETH R. HUNT

    Appellant

C.A. No.     29977

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 02 07 1966

DECISION AND JOURNAL ENTRY

Dated: February 16, 2022

HENSAL, Judge.

{¶1}　Kenneth Hunt appeals a judgment of the Summit County Court of Common Pleas that dismissed his motion in arrest of judgment pursuant to repeal of statute. For the following reasons, this Court affirms.

I.

{¶2}　In 2002, Mr. Hunt pleaded guilty to one count of murder and one count of felonious assault. The trial court sentenced him to 15 years to life in prison and ordered his sentence to run consecutive to the sentence he had received in a different case. Mr. Hunt did not appeal. In 2021, Mr. Hunt filed a "motion in arrest of judgment pursuant to repeal statute[,]" arguing that he had been coerced into pleading guilty and that the statute that he had been sentenced under had actually been repealed at the time of the alleged offenses. According to Mr. Hunt, the longest sentence he should have received is 10 years.

{¶3} The State moved to dismiss Mr. Hunt's motion. The trial court granted the State's motion, concluding that Mr. Hunt had received the mandatory sentence for murder and that Mr. Hunt's motion was without merit. Mr. Hunt has appealed, assigning three errors.

## II.

## ASSIGNMENT OF ERROR I

JUDGE CORRIGAN [SIC] JONES WAS IN ERROR AND THE APPELLANT WAS PREJUDICE[D] WHEN THE COURT REFUSED TO OBEY FOLLOW AND UPHOLD THE LAW AS CITED IN: CALKINS V. STATE, 14 OHIO ST. 222 IN THE INSTANT CASE.

{¶4} In his first assignment of error, Mr. Hunt argues that the trial court incorrectly dismissed his motion and that it should have followed *Calkins v. State*, 14 Ohio St. 222 (1863). According to Mr. Hunt, because the statute he was sentenced under had been repealed in 1996, he should have received a definite sentence under a newer sentencing law instead of an indefinite sentence.

{¶5} Initially, we must address the nature of Mr. Hunt's motion in arrest of judgment pursuant to repeal of statute. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. Revised Code Section 2953.21(A)(1)(a)(i) provides that "[a] person * * * may file a petition in the court that imposed sentence * * * asking the court to vacate or set aside the judgment or sentence" who "has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." Interpreting that language, the Ohio Supreme Court has held that, if "a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been

violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus.

{¶6} In his motion, Mr. Hunt argued that he was sentenced under a statute that had been repealed, that he was coerced into pleading guilty, and that the trial court had failed to properly impose consecutive sentences. These allegations, if true, would be violations of Mr. Hunt's constitutional due process rights. Mr. Hunt also sought to have his sentence declared null and void. Upon review of the record, we conclude that Mr. Hunt's motion met the requirements of a petition for post-conviction relief and should be considered as such a petition.

{¶7} Under Section 2953.21(A)(2)(a), if a defendant does not file a direct appeal, a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." "A trial court may not entertain untimely or successive petitions for post-conviction relief unless the petitioner satisfies certain requirements." *State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 8. "First, he must show either that (1) he was 'unavoidably prevented' from discovering the facts he relies on, or (2) subsequent to the 365-day deadline, 'the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right.'" *Id.*, quoting R.C. 2953.23(A)(1)(a). "Second, he must show 'by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *.'" *Id.*, quoting R.C. 2953.23(A)(1)(b).

{¶8} Mr. Hunt did not make any attempt to show why his motion satisfied the requirements of Section 2953.23(A)(1)(a). Even on the assumption that Mr. Hunt is correct about his allegations, he has not shown that he could not have discovered whether the statute he

was sentenced under had been repealed within the 365-day time limit for filing a petition for post-conviction relief. We, therefore, conclude that Mr. Hunt's motion was untimely and that the trial court did not err when it granted the State's motion to dismiss. Mr. Hunt's first assignment of error is overruled.

### ASSIGNMET OF ERROR II

JUDGE CORRIGAL [SIC] JONES WAS IN ERROR AND THE APPELLANT WAS PREJUDICED[ ] WHEN THE COURT GRANTED THE STATE'S MOTION TO DISMISS. WHEN IT DID NOT[ ] OPPOSE [OR] ADDRESS THE ISSUES IN APPELLANT'S MOTION TO ARREST THE JUDGMENT ACCORDING TO THE REPEAL OF THE STATUTE IN THIS CASE.

{¶9} In his second assignment of error, Mr. Hunt argues that the State failed to address the issues he raised when it responded to his motion. He argues that the State did not comment on his allegation that the statute he had been sentenced under had been repealed, his allegation that the trial court failed to properly impose consecutive sentences, or his allegation that he was forced into pleading guilty.

{¶10} Section 2953.21(E) provides in relevant part that "the prosecuting attorney shall respond by answer or motion" "[w]ithin ten day after the docketing" of a petition for post-conviction relief. There is no statute or rule, however, providing what the contents of the response must contain. The State, nevertheless, did address the merits of Mr. Hunt's argument that the sentencing statute had been repealed. The State's primary argument, however, was that Mr. Hunt needed to have raised his arguments on direct appeal.

{¶11} Upon review of the record, we conclude that Mr. Hunt has failed to establish that the State's response to his petition for post-conviction relief was improper. Mr. Hunt's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

JUDGE CORRIGALL JONES WAS IN ERROR AND THE APPELLANT WAS PREJUDICED, WHEN THE COURT WAS BIAS[ED], PARTIAL AND DISCRIMINATE[D] AGAINST THE APPELLANT. WHEN HIS CLAIMS AND ARGUMENT ARE GENUINE, SOUND AND IN COMPLIANCE WITH FEDERAL AND STATE CONSTITUTIONAL LAW.

{¶12} In his third assignment of error, Mr. Hunt argues that the trial court demonstrated bias and discriminated against him when it refused to acknowledge his arguments. Mr. Hunt argues that the trial court's decision, therefore, should be reversed and remanded for the trial court to resentence him.

{¶13} Judicial bias is demonstrated by "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and [the] facts." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 33, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5. "[D]isagreement with a judge's ruling on legal issues and the management of the case are not evidence of bias or prejudice, but rather issues subject to appeal." *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 48. "Nor is disagreement with the outcome of the case proof of bias to demonstrate a due process violation." *Id.*

{¶14} In its order, the trial court addressed the merits of Mr. Hunt's argument that the statute he had been sentenced under had been repealed six years before his sentence. The court determined that Mr. Hunt was incorrect about whether the statute had been repealed and

explained that the sentence for murder at the time of his offense was an indefinite term of 15 years to life. Although the court did not discuss Mr. Hunt's other arguments in detail, it wrote that "upon consideration of the issues raised and the appropriate law, the court finds the defendant's motion to be without merit and denies it accordingly."

{¶15} The record does not contain any indication that the trial court exhibited bias or discriminated against Mr. Hunt. Mr. Hunt's third assignment of error is overruled.

III.

{¶16} The trial court correctly granted the State's motion to dismiss and denied Mr. Hunt's motion in arrest of judgment pursuant to repeal statute. Mr. Hunt's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

KENNETH R. HUNT, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.