[Cite as *State v. Johnson*, 2022-Ohio-1084.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 21CA011732 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARLON JOHNSON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 18CR097736 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant, Marlon Johnson, appeals the judgment of the Lorain County Court of Common Pleas denying his second petition for postconviction relief. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} In *State v. Johnson*, 9th Dist. Lorain No. 18CA011329, 2020-Ohio-4178, ¶ 2-3, this Court stated as follows:

On March 1, 2018, the Lorain County Grand Jury issued a thirteen-count indictment against Mr. Johnson related to the shooting death of T.D. The indictment charged Mr. Johnson with: (I) aggravated murder in violation of R.C. 2903.01(A), a special felony; (II) aggravated murder in violation of R.C. 2903.01(B); (III) aggravated murder in violation of R.C. 2903.01(B); (IV) murder in violation of R.C. 2901.02(A), a special felony; (V) murder in violation of R.C. 2901.02(B), a special felony; (VI) murder in violation of R.C. 2901.02(B); (VII) aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree; (VIII) aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the second degree; (IX) unlawful use of a weapon by a violent career criminal in violation of R.C. 2923.132,

a felony of the first degree; (X) felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; (XI) felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; (XII) having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; (XIII) having weapons while under disability in violation of R.C. 2923.12(A)(3), a felony of the third degree. Counts (I)-(XI) all carried attendant career criminal, firearm, and repeat violent offender specifications.

Mr. Johnson entered a plea of not guilty at arraignment. Mr. Johnson did not waive his right to a speedy trial, and a jury trial was scheduled for April 11, 2018. Following trial, a jury found Mr. Johnson guilty on all counts and specifications in the indictment. The trial court accepted the jury's verdicts, found Mr. Johnson guilty, and, after a sentencing hearing, sentenced Mr. Johnson to an aggregate term of life in prison with parole eligibility after fifty-four years.

Mr. Johnson filed a direct appeal of his sentence and convictions. In so doing, Mr. Johnson raised five assignments of error for this Court's review: (1) the verdict is against the sufficiency of the evidence; (2) the convictions are against the manifest weight of the evidence; (3) the trial court erred in denying Mr. Johnson's request for a transcript of the grand jury proceedings; (4) Mr. Johnson did not receive effective assistance of counsel; and (5) Mr. Johnson was deprived the right to a fair trial due to erroneous jury instructions. Finding no error, however, this Court affirmed. *Johnson* at ¶ 69.

{¶3} While his direct appeal was still pending, Mr. Johnson filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." The trial Court denied Mr. Johnson's petition. Mr. Johnson then moved this Court to reopen his direct appeal based upon ineffective assistance of counsel, which we also denied. Further, Mr. Johnson filed, *pro se*, a second petition for postconviction relief, which is the subject of the present appeal.

**Mr. Johnson's Second Petition for Postconviction Relief**

{¶4} In his second petition for postconviction relief, Mr. Johnson argued he was "unavoidably prevented from the discovery of the facts upon which his claims rely due to the ineffective assistance of trial counsel and/or the ineffective assistance of appellate counsel[.]"

Specifically, Mr. Johnson claimed his counsel failed to: (1) enter evidence of perjury regarding the State's witnesses; (2) change the venue of the trial due to publicity; (3) move to sequester the jury; (4) move for a mistrial because the jurors toured the county jail and saw Mr. Johnson incarcerated and in jail issued clothing; (5) challenge the array of the jury venire; and (6) cross-examine the State's witnesses at a preliminary hearing on January 9, 2018. In support of his claims for relief, Mr. Johnson attached several exhibits including court dockets and news articles about his case, as well as an affidavit.

**{¶5}** The State opposed Mr. Johnson's petition arguing, pursuant to R.C. 2953.21, Mr. Johnson's claims are untimely and successive, as well as being barred by the doctrine of *res judicata*. The State asserted:

> all of the claims in [Mr.] Johnson's petition are based on facts and circumstances that occurred prior to or during trial, were known to him during or before trial, or could have been discovered in the exercise of reasonable diligence. Therefore, [Mr.] Johnson failed to demonstrate why he was unavoidably prevented from the discovery of the facts necessary to file a timely [postconviction] petition as all the *factual* matters asserted are matters of which he was personally familiar of those which he could have reasonably discovered.

As such, the State sought dismissal of Mr. Johnson's petition.

**{¶6}** In dismissing Mr. Johnson's petition, the trial court stated:

> Here, [Mr.] Johnson's petition is both untimely and successive. [Mr.] Johnson's trial transcript was filed in his direct appeal on November 26, 2018. The [p]etition before the court was filed over two years later, on December 28, 2020, and [Mr.] Johnson previously filed a petition for [postconviction] relief which was denied.
>
> [Mr.] Johnson does not contend that the United States Supreme Court recognized a new right that applied retroactively to him; rather he maintains that he was unavoidably prevented from the discovery of the facts upon which he relied to present his ineffective-assistance-of-counsel claims. In support of his argument, [Mr.] Johnson maintains that he was unable to discover several "issues" that should have been addressed at trial and raised on appeal until he received his "client papers and property" from this trial and appellate counsel following the conclusion of his direct appeal.

\* \* \*

[A]ll of the claims in [Mr.] Johnson's petition are based on facts and circumstances that occurred prior to or during trial, were known to him during or before trial, or could have been discovered in the exercise of reasonable diligence. Therefore, [Mr.] Johnson has failed to demonstrate why he was unavoidably prevented from the discovery of the facts necessary to file a timely [postconviction] petition as all the *factual* matters asserted are matters of which he was personally familiar or those which he could have reasonably discovered.

First, [Mr.] Johnson cites to online court dockets that he obtained for trial witnesses [M.D.] and [W.M.], which he claims demonstrate that [M.D.] and [W.M.] each committed perjury by failing to disclose the existence of criminal cases which he maintains were pending at the time of trial. [As reflected by the dockets attached to Mr. Johnson's petition, both of these cases were resolved prior to Mr. Johnson's trial.] In doing so, [Mr.] Johnson has failed to establish why these public dockets, which are from 2017, could not have previously been discovered in the exercise of reasonable diligence or how the receipt of his client papers allowed for their recent discovery.

Moreover, [Mr.] Johnson was aware of the facts and circumstances that form the basis of his remaining grounds for relief during or before trial. First, [Mr.] Johnson certainly knew of any pretrial publicity surrounding his case that he now claims should have required a change in venue and the sequestering of the jury well before the filing of his second petition. In fact, [Mr.] Johnson acknowledges in his [a]ffidavit that since the day of the murder, he had access to any television media coverage leading up to and surrounding the trial and during the sentencing hearing. In addition, Mr. Johnson saved newspaper articles from the trial which he in turn attached to his petition.

[Mr.] Johnson was also aware of the facts which he claims support a mistrial as he himself claims to have observed certain jurors taking a tour of the county jail. [Mr.] Johnson was further aware of the composition of the jury which he claims did not represent a fair cross-section of the community as he was present and sat through the jury selection process. Finally, [Mr.] Johnson attended the preliminary hearing held in the Lorain Municipal Court on January 9, 2018[,] and heard the testimony presented by the State which established probable cause to bind the matter over to the Lorain County Court of Common Pleas Grand Jury. [Mr.] Johnson could have requested a transcript if he so chose. Moreover, [Mr.] Johnson was present at trial and would have immediately been aware if the trial testimony differed from that offered at a preliminary hearing.

Ultimately, [Mr.] Johnson merely advances *new legal theories* which could have been raised at trial or on appeal as a result of facts upon which he was already aware. However, R.C. 2953.23(A) contemplates the unavoidable discovery of *new historical facts* of the case, not new legal theories. Thus, [Mr.] Johnson's untimely filing may not be excused because he was not unavoidably prevented from

discovering facts upon which has relied in presenting his second petition for [postconviction] relief.  R.C. 2953.23(A)(1).

Further, [Mr.] Johnson does not even attempt to satisfy the second prong of R.C. 2953.23(A)(1).    Specifically[,] [Mr.] Johnson does not allege, much less demonstrate by clear and convincing evidence that, but for the asserted constitutional claims at trial, no reasonable fact finder would have found him guilty of the offenses for which he was convicted.  R.C. 2953.23(A)(1)(b).

Because [Mr.] Johnson failed to demonstrate the applicability of an exception which would allow this court to consider his untimely petition, this court lacks jurisdiction to consider [Mr.] Johnson's petition.

(Emphasis in original.)

{¶7}    Mr. Johnson now appeals raising six assignments of error for our review.[1]  Because our analysis of Mr. Johnson's assignments of error is identical, we consolidate our discussion below.

II.

## ASSIGNMENT OF ERROR I

**[MR. JOHNSON] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AS WELL AS HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL, AS A RESULT OF COUNSEL'S FAILURE TO ENTER EVIDENCE OF PERJURY ON BEHALF OF TWO OF THE STATE'S WITNESSES.  THERE IS A REASONABLE PROBABILITY THAT HAD THE EVIDENCE OF WITNESS PERJURY BEEN DISCLOSED, THE RESULT OF [MR. JOHNSON'S] TRIAL WOULD HAVE BEEN DIFFERENT.**

## ASSIGNMENT OF ERROR II

**TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS, FOR FAILING TO MOVE THE TRIAL COURT FOR A CHANGE OF VENUE DUE TO THE PERVASIVE PRETRIAL PUBLICITY, WHICH ULTIMATELY DEPRIVED [MR. JOHNSON] OF A FAIR TRIAL AND AN IMPARTIAL JURY (ADDITIONAL VIOLATIONS OF THE SIXTH AND FOURTEENTH AMENDMENTS).**

---

[1] Mr. Johnson's assignments of error mirror his claims for relief as stated in his second petition for postconviction relief.

**ASSIGNMENT OF ERROR III**

**TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS, FOR FAILING TO MOVE THE TRIAL COURT TO SEQUESTER THE JURY.**

**ASSIGNMENT OF ERROR IV**

**[MR. JOHNSON'S] RIGHT TO A FAIR TRIAL AND AN IMPARTIAL JURY UNDER THE SIXTH AND FOURTEENTH AMENDMENTS WERE VIOLATED WHEN JURORS TOOK A TOUR OF THE COUNTY JAIL, WHERE THEY SAW [MR. JOHNSON] BEING HELD IN CUSTODY AND IN COUNTY JAIL ISSUED CLOTHING.**

**ASSIGNMENT OF ERROR V**

**TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS, FOR FAILING TO CHALLENGE THE ARRAY OF THE JURY VENIRE.**

**ASSIGNMENT OF ERROR VI**

**[MR. JOHNSON] WAS DEPRIVED OF HIS RIGHT TO CONFRONT HIS ACCUSERS AT HIS PRELIMINARY HEARING HELD JANUARY 9, 2018, DESPITE HIS SPECIFIC REQUEST TO DO SO.**

**{¶8}** R.C. 2953.21(A)(1)(a)(i) provides:

A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]

**{¶9}** Further, R.C. 2953.21(A)(2)(a) states, in relevant part, that a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of

conviction or adjudication[.]" Further, in accordance with R.C. 2953.23(A)(1), a trial court may not entertain an untimely or successive petition for postconviction relief unless both of the following apply.

> (a) [e]ither the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) [t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

Indeed, as this Court has previously stated, "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 9, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36.

{¶10} Here, the transcripts in Mr. Johnson's direct appeal were filed with this Court on November 26, 2018. As such, Mr. Johnson had until November 26, 2019, to timely file his petition for postconviction relief. Mr. Johnson, however, filed his second petition on December 28, 2020, which is beyond three hundred sixty-five days after the date the transcripts were filed in his direct appeal. Thus, Mr. Johnson's second petition for postconviction relief is both untimely and successive.

{¶11} Although Mr. Johnson argues, pursuant to R.C. 2953.23(A)(1)(a), he was unavoidably prevented from discovering the facts upon which he must rely to present his claims for relief, the record simply does not support this faulty contention. With reasonable diligence, Mr. Johnson could have discovered the court dockets relating to the State's witnesses, prior to filing his first petition for postconviction relief, as they are public records. Further, the dockets

attached to Mr. Johnson's second petition for postconviction relief indicate both cases were resolved in February 2018, and Mr. Johnson's trial began on April 16, 2018.

{¶12} Additionally, in his affidavit, Mr. Johnson admits to having access to a television, where he "witnessed pervasive and prejudicial press coverage on the television news nearly every day leading up to the trial, and literally every day surrounding the trial and the sentencing hearing." Therefore, Mr. Johnson was privy to the media's coverage of his case prior to the beginning of trial.

{¶13} Finally, Mr. Johnson had direct knowledge about the jurors' tour of the county jail, the jury venire, and the preliminary hearing because he was, in fact, present at those times. Indeed, as indicated by our sister courts, a petitioner is "unavoidably prevented from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief." *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 19, citing *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶ 32, citing *State v. Sansom*, 2d Dist. Champaign No. 2009 CA 38, 2010-Ohio-1918, ¶ 9.

{¶14} Thus, because Mr. Johnson had direct knowledge of the issues set forth in his second petition for postconviction relief, or with reasonable diligence, could have discovered the same within the requisite time-frame, he has failed to demonstrate the statutory factors, set forth in R.C. 2953.23(A)(1)(a), permitting an untimely, successive filing. As such, the trial court lacked jurisdiction to consider Mr. Johnson's second petition for postconviction relief and did not err in dismissing the petition.

{¶15} Accordingly, Mr. Johnson's six assignments of error are overruled.

III.

**{¶16}** Mr. Johnson's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MARLON JOHNSON, pro se, Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.